MILLS, Judge,
dissenting:
I dissent. The trial court did not err in denying Williams’ motion to withdraw his nolo contendere plea.
I agree with the trial court that the record clearly shows that it merely agreed to impose a five-year sentence provided the guidelines mandated such a sentence after receiving the presentence investigation. Otherwise, the trial court only agreed to impose that sentence warranted by the guidelines. This the trial court did.
Also, the record clearly shows that Williams deliberately perpetrated a fraud on the court. He lied about his name. He lied about his prior criminal convictions.
When Williams learned that the presen-tence investigation disclosed that his name was Carter, that he had several prior convictions, and that he was violating his parole at the time of this crime, he admitted that he had lied to the court and moved to' withdraw his plea. But, the cat was out of the bag. Williams, alias Carter, or Carter, alias Williams, was too late with too little. He was estopped by his conduct to withdraw his plea. He had violated the plea bargaining. See dissent in' Reaves v. State, supra, and Shaw v. State, supra.
I would not adhere to the Coleman, supra, and Ben, supra, decisions, which are relied upon by the majority. In my judgment, a defendant who deliberately perpetrates a fraud on the court is not entitled to the special consideration granted him by the majority. I cannot conceive that the law, that justice, would provide such lenient treatment for a liar. In fact, in many instances today the law does not provide such consideration for innocent victims and witnesses. Under such circumstances the State should not be put to the expense of a trial.
I agree with Judge Boardman, who wrote the opinion in Coleman, supra, that the rule followed by the majority rewards criminals who feel they can lie through their attorneys with impunity.
I also agree with Judge Boardman’s suggestion that there are several ways to avoid situations such as this one. First, the trial court should state before the plea is tendered and accepted that sentencing *1239 concessions will not be honored at sentencing if material misrepresentations are later found to have been made to induce those concessions. Second, the trial court should require the defendant to testify under oath to the mitigating facts the court is relying on to justify its offer of leniency. If this testimony subsequently proves false, perjury or other appropriate charges could be brought against the defendant.
I would affirm.